**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

| | |
|---|---|
| **GAFGAZ MAMMADOV** | **CIVIL DOCKET NO. 6:26-CV-2544** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition [Doc. 1] for writ of habeas corpus filed by Gafgaz Mammadov ("Petitioner"), pursuant to 28 U.S.C. §2241. Petitioner, an immigration detainee, is detained at the Pine Prairie ICE Processing Center in Pine Prairie, Louisiana. Petitioner seeks to challenge his continued ICE detention. Accordingly, he seeks his release or, alternatively, a bond hearing. Respondents oppose the petition [Doc. 11].

Petitioner is a citizen of Azerbaijan [Doc. 1, p. 1]. On or about February 15, 2016, he was admitted into the United States as a nonimmigrant visitor with authorization to remain in the United States for a temporary period not to exceed August 14, 2016. On or about April 22, 2016, he filed an Application for Asylum and Withholding of Removal with the United States Citizenship and Immigration Services ("USCIS").

On or about August 7, 2025, Petitioner was charged with an offense under N.J.S.A. § 2C:12-1 and was arrested in New Jersey [Doc. 1, p. 4]. He was arrested for strangling and striking his spouse. His 12-year-old daughter allegedly witnessed the assault [Doc. 11-2]. On or about August 8, 2025, Petitioner was released from custody.

Immediately following Petitioner's release, he was detained by Immigration and Customs Enforcement ("ICE"). He was served with a Notice to Appear charging him as being removable from the United States pursuant to 8 U.S.C. § 1227(a)(1)(B) [Doc. 1, p. 4].

On or about October 14, 2025, the charge against Petitioner was dismissed. On or about October 15, he filed a custody redetermination request with the immigration court [*Id.*]. On October 24, 2025, the immigration judge denied Petitioner's bond request finding him to be a "Danger/Flight Risk" [Doc. 1-7]. The immigration judge also denied his Applications for Asylum, Withholding of Removal under INA § 241(b)(3), and Withholding of Removal under the Convention Against Torture and ordered him removed to Azerbaijan. On November 7, 2025, Petitioner appeal the immigration judge's decision to the Board of Immigration Appeals ("BIA"). Briefs were due with the BIA on July 9, 2026 [Doc. 1, p.5; Doc. 1-8, pp. 3-6].

Petitioner filed this action on July 17, 2026. Petitioner claims his detention violates his Fifth Amendment right to due process. He states he is detained pursuant to 8 U.S.C. § 1226(a). He claims his detention since August 8, 2025, is unreasonably prolonged. He claims he did not receive a constitutionally adequate bond hearing that due process requires. He claims the burden should have been on the government to show by clear and

convincing evidence that he poses a danger or flight risk that could not be addressed through alternatives to detention [*Id.*, p. 14].

Petitioner argues that application of the Mathews factors reinforce that he has been denied due process. First, he argues that he has a significant private interest at stake which is his freedom from physical restraint. He claims that at the time of filing his petition, he was detained for more than 11 months since his bond hearing and there was no end in sight. Next, Petitioner argues that the risk of erroneous deprivation is high without the requested additional protections. He claims the government's procedures require that he show a material change in circumstances in order to have a new hearing and that increased length of detention is not considered a material change. Finally, he argues that he is neither a flight risk nor danger, therefore the government has no legitimate interest in detaining him [Id., pp. 15-16].

## LAW AND ANALYSIS

Petitioner claims that his detention since August 8, 2025, violates his right to due process. Petitioner challenges the immigration judge's decision to deny him bond on October 24, 2025. He argues he did not receive a constitutionally adequate bond hearing that due process requires.

Respondents argue that Petitioner is in removal proceedings and has received appropriate due process. Respondents argue that Petitioner overstayed his visa and is detained pursuant to 8 U.S.C. § 1226(a). He was provided with a bond hearing and was determined to be a danger to the community and a flight risk.

Respondents argue that this court lacks jurisdiction under the INA to review the Attorney General's discretionary judgment in a proceeding under 8 U.S.C. § 1226. Respondents claim Petitioner's habeas petition is simply a request for this court to review the immigration judge's findings and grant Petitioner release or another bond hearing disguised as a constitutional claim [Doc. 11].

The Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." Demore v. Kim, 538 U.S. 510, 523. The arrest, detention, and release of non-criminal aliens believed to be deportable is governed by § 1226(a), which provides for discretionary detention. See Nielsen v. Preap, 586 U.S. 392, 396-97 (2019); see also 8 U.S.C. § 1226(a). Section 1226(a) empowers the Secretary of Homeland Security to arrest and hold an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a)(1).

The Secretary has "discretion either to detain the alien or to release him on bond or parole" during the pendency of removal proceedings. 8 U.S.C. § 1226(a)(2). "If the alien is detained, he may seek review of his detention by an officer at the Department of Homeland Security and then by an immigration judge (both exercising power delegated by the Secretary)." Nielsen, 586 U.S. at 397 (citing 8 CFR §§ 236.1(c)(8) and (d)(1), 1003.19, 1236.1(d)(1) (2018)). The alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk or danger to the community. Id. (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d); Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006)).

The immigration judge denied Petitioner's custody redetermination after full consideration of the evidence presented finding he was a danger/flight risk [Doc. 1-7, pp.

3-4]. The court lacks authority to review this discretionary decision. Specifically, § 1226(e) provides that the discretionary judgment of the Secretary shall not be subject to review, and no court may set aside any action or decision under this section regarding the detention of any alien or the revocation or denial of bond or parole. See 8 U.S.C. § 1226(e); see also Nielsen, 586 U.S. at 401; Kasangaki v. Barr, 19-CV-465, 2019 WL 13221026, (W.D. Tex. 2019) ("[T]o the extent petitioner challenges ... the Attorney General's discretionary decision to detain him without bond pending his removal, this Court lacks jurisdiction to consider his claims."); Kambo v. Poppell, 07-CV-800, 2007 WL 3051601, (W.D. Tex. 2007) ("[T]he Court finds that it does not have jurisdiction to review the decision to deny release on bond itself or the discretionary judgment regarding the application of 1226(a)); cf., Zadvydas v. Davis, 533 U.S. 678, 697 (2001) (distinguishing a challenge to the constitutionality of prolonged, continued detention without a bond hearing after entry of a final order of removal from "detention pending a determination of removability").

Although a detainee must be released when removal is "no longer practically attainable" and becomes "indefinite" or "potentially permanent," Petitioner's detention does not meet that threshold. Once removal proceedings are completed, he will either be released or removed from the United States. Thus, Petitioner's current detention cannot be characterized as indefinite. See Kim, 538 U.S. at 531. Furthermore, Petitioner has been detained for approximately a total of 14 months, including approximately 12 months since his detention hearing. Courts have found longer periods of pre-removal order detention not unreasonable. See Barrera-Romero v. Cole, 2016 WL 7041710, (W.D. La. 2016) (20

months); Kim v. Obama, 2010 WL 10862140 (W.D. Tex. 2012) (18 months); Garcia v. Lacy, 2013 WL 3805730, (S.D. Tex. 2013) (27 months).

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**OBJECTIONS**

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this the 22nd day of October 2026.

Mark L. Hornsby
U.S. Magistrate Judge